IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:25-CV-59-BO

| | |
|---|---|
| ARNOLD JEROME SMITH, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE OF NORTH CAROLINA, et al., )<br>)<br>Defendant. )<br>) | **SCHEDULING ORDER** |

This matter is before the court on the parties' Rule 26(f) report ("discovery plan"). [DE-15]. The discovery plan is APPROVED AND ORDERED, as modified herein, with the following critical deadlines:

1. Initial disclosures under Rule 26(a)(1) are due no later than **August 1, 2025**;

2. Motions for joinder of additional parties and amendment of the pleadings shall be made by the parties no later than **October 31, 2025**. Nothing in this order shall relieve a party of any requirement to obtain court approval prior to joining a party or amending its pleadings;

3. Disclosure of expert witnesses and reports, pursuant to Fed. R. Civ. P. 26(a)(2), for use in a party's case in chief are due no later than **February 2, 2026**, and rebuttal expert reports are due no later than **March 4, 2026**;

4. All discovery shall be completed no later than **May 1, 2026**;

5. Potentially dispositive motions shall be filed no later than **June 1, 2026**; and

6. This matter will be set for trial by separate order from Judge Terrence W. Boyle. Pursuant to the August 20, 2002 Standing Order entered by Judge Boyle, the court reserves the right to schedule this case for trial as early as thirty (30) days after the dispositive motion deadline.

Any party which makes an appearance after this Scheduling Order has been entered shall be required to confer with opposing counsel within **twenty-one (21) days** and shall be bound by the terms of this order unless the party moves for and obtains amendment of this order by the court.

Supplementation shall be made timely and in conformity with Fed. R. Civ. P. 26(e) but in no event later than **thirty (30) days** prior to the close of discovery.

The parties are cautioned not to be dilatory in pursuing discovery. Motions for extension of discovery deadlines are not favored if they would require a continuance of the trial, and any deadline set in this order may only be modified upon a showing of good cause with leave of court pursuant to Fed. R. Civ. P. 16(b)(4).

This case is subject to mandatory mediation, pursuant to Local Civil Rule 101.1a(b). The Parties shall file a statement identifying the selected mediator and meeting the other applicable requirements within **twenty-one (21) days** after the entry of this order, in accordance with Local Civil Rule 101.1c(a). If a statement is not timely filed, the Clerk will appoint a mediator from the list of court-certified mediators, in accordance with Local Civil Rule 101.1c(b). Upon request, this court will assist with settlement negotiations or other ADR by making available a judge other than the trial judge to explore these possibilities should the parties' efforts at private mediation prove unsuccessful.

On consent of all parties, and with the concurrence of the District Judge, this case may be referred to a Magistrate Judge for jury or bench trial, as appropriate, with a peremptory trial setting and the right of direct appeal to the Fourth Circuit. A copy of the consent form may be obtained from the Clerk. The parties are free to withhold consent without adverse substantive consequences. Fed. R. Civ. P. 73(b)(2).

2

Case 4:25-cv-00059-BO-RJ    Document 16    Filed 07/17/25    Page 2 of 3

The remaining provisions of the discovery plan not inconsistent with the foregoing are approved and adopted as this court's order.

SO ORDERED, the 17 day of July, 2025.

Robert B. Jones, Jr.
United States Magistrate Judge