# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

CIVIL ACTION NO.: 4:25-cv-59

| | |
|---|---|
| ARNOLD JEROME SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF NORTH CAROLINA, NORTH CAROLINA OFFICE OF RECOVERY AND RESILIENCY, AND EXCEL CONTRACTORS, LLC.<br><br>    Defendants. | **DEFENDANT EXCEL CONTRACTORS, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION** |

Defendant Excel Contractors, LLC ("Defendant" or "Excel") by and through its undersigned counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby responds to Plaintiff's Arnold Jerome Smith's ("Plaintiff") First Request for Production to Defendant Excel Contractors, LLC.

## GENERAL STATEMENT

These responses to *Plaintiff's First Request for Production to Defendant Excel Contractors, LLC* were prepared with the assistance of the undersigned counsel; therefore, the word usage and sentence structure used in the answers may be that of counsel, and do not purport to be the precise language of Defendant.

THESE RESPONSES ARE MADE SUBJECT TO THE ABSOLUTE PRIVILEGE AND RIGHT OF THE DEFENDANT TO SUPPLEMENT AND/OR AMEND THESE RESPONSES AT ANY TIME.

1

# REQUEST FOR PRODUCTION TO DEFENDANT EXCEL CONTRACTORS, LLC

**Plaintiff**

    1.    A complete copy of any document – regardless of form, type, or origin – that regards, concerns or discusses Mr. Smith, including a complete copy of any file regarding Smith or his household.

**RESPONSE: OBJECTION. Excel objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor proportional to the needs of the case, as required by Federal Rule of Civil Procedure 26(b)(1). Specifically, this Request asks Excel to produce "any document . . . that regards, concerns or discusses Mr. Smith," without limit to date, custodian or Plaintiff's claims that the home provided at 1574 Savannah Heights Dr., Kinston, NC, 28501 ("Plaintiff's Residence") is not accessible and/or alleged requests for reasonable accommodation were not granted, or Excel's defenses, including without limit Plaintiff's signing of the ReBuild NC Applicant Acceptance of Work and Receipt of Warranty Notice and AECOM NC ReBuild MHU Final Inspection accepting the work completed on Plaintiff's Residence ("Plaintiff's Acceptance of Work") on October 18, 2021, and Excel's January 5, 2023, completion of work requests relating to accessibility requirements specified in the April 8, 2020 Work Order APP-02980 for Plaintiff's Residence. Any information outside the time and scope of these allegations is overbroad and seeks information that is irrelevant and disproportionate to this action under Fed. R. Civ. P. 26(b)(1).**

**Excel further objects to this Request on the ground that it seeks disclosure of confidential communications between attorney and client and/or confidential materials prepared by or for counsel in anticipation of litigation, on the basis that such information is protected from disclosure by the attorney-client privilege and/or the work product doctrine, or other cognizable privilege. Specifically this Request, as phrased, would require Excel to produce "any document . . . that regards, concerns or discusses Mr. Smith," which includes communications between an attorney and its client and/or materials prepared by counsel or at the direction of counsel in anticipation of litigation, both of which are protected under Fed. R. Civ. P. 26(b)(1). To the extent that documents are withheld exclusively on the basis of attorney-client privilege and/or work product doctrine, such documents will be included on a privilege log for review of counsel for Plaintiff.**

**Without waiver and subject to the above objections, in response to this Request, Excel states: see documents attached hereto as EXCEL000001-001333:**

- **Residential Construction Services Bid Documents, EXCEL000001-000197;**
- **Documents relating to 1574 Savannah Heights, EXCEL000198-283;**
- **Construction reports for 1574 Savannah Heights, EXCEL000284-315;**
- **Plaintiff's signed statements accepting work, EXCEL000316-000322;**
- **Excel Communications with HUD, EXCEL000323-000757;**

- **Excel Communications with Plaintiff's Counsel, EXCEL000758-000847;**
- **Additional Emails, EXCEL000848-001325;**
- **Additional Pictures, EXCEL0001326-1333.**

**Answering further, Excel is presently conducting a search for potentially responsive documents based on the following parameters and will produce responsive, non-privileged documents in a supplemental production: a) date range of April 8, 2020 to January 5, 2023; custodians: Jerry Johnson, Gentry Russo, Bobbi Hedgepeth, April Johnson, Donnie Moore and Sara White; search terms: "1574 Savannah" OR 02980 OR "APP-02980" OR Arnold OR Smith OR ▮▮▮▮▮▮▮.**

**Except as provided above, Excel objects to producing or searching for additional documents responsive to this Request based upon the above-stated objections.**

2. If not produced in response to request 1, then please produce any email, sent from or received by an Excel email address (i.e., address domain, **\*@excelusa.com**) since January 1, 2019, that includes in the address, body, subject, or attachment any of the following combinations of key words2 : (Smith w/5 Arnold) or APP-02980\* or ▮▮▮▮▮▮▮@gmail.com and any of the following terms:

• Savannah Heights or

• NCORR or

• ReBuild NC or

• Rebuild or

• Disaster Relief or

• Belcourt or

• Barnett or

• Aaron or

• Obule or

• Baraza or

• Banfield or

• Russo or

• Hogshead or

• Walsh or

• Holley or

• AECOM or

• Humbert or

- Jackson or

- Gilliland or

- Dean or

- Morris or

- Sprayberry or

- Sutton or

- Gentry or

- Legate or

- ADA or

- UFAS or

- *@rebuild.nc.gov or

- *@aecom.com.

**RESPONSE: OBJECTION. Excel objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor proportional to the needs of the case, as required by Federal Rule of Civil Procedure 26(b)(1). Specifically, this Request asks Excel to produce: a) "any email" sent to or received by Excel and without limit as to custodians; b) "since January 1, 2019" with no end date; c) containing (Smith w/5 Arnold) or APP-02980* or ▓▓▓▓▓▓▓gmail.com and a list of 29 words and phrases, which search imposes upon Excel an undue burden and cost. Additionally, this Request is not limited to Plaintiff's claims that the home provided at Plaintiff's Residence is not accessible and/or alleged requests for reasonable accommodation were not granted, or Excel's defenses, including without limit Plaintiff's Acceptance of Work at Plaintiff's Residence on October 18, 2021, and Excel's January 5, 2023, completion of work requests relating to accessibility requirements specified in the April 8, 2020 Work Order APP-02980 for Plaintiff's Residence. Any information outside the time and scope of these allegations is overbroad and seeks information that is irrelevant and disproportionate to this action under Fed. R. Civ. P. 26(b)(1).**

**Excel further objects to this Request on the ground that it seeks disclosure of confidential communications between attorney and client and/or confidential materials prepared by or for counsel in anticipation of litigation, on the basis that such information is protected from disclosure by the attorney-client privilege and/or the work product doctrine, or other cognizable privilege. Specifically this Request, as phrased, would require Excel to produce "any email" that discusses Plaintiff, which includes communications between an attorney and its client and/or materials prepared by counsel or at the direction of counsel in anticipation of litigation, both of which are protected under Fed. R. Civ. P. 26(b)(1). To the extent that documents are withheld exclusively on**

**the basis of attorney-client privilege and/or work product doctrine, such documents will be included on a privilege log for review of counsel for Plaintiff.**

**Without waiver and subject to the above objections, in response to this Request, Excel states: see Excel's Objections and Response to Plaintiff's Request Number 1.**

**Except as provided above, Excel objects to producing or searching for additional documents responsive to this Request based upon the above-stated objections.**

3.      If not produced in response to request 1, then please produce any electronic file stored on any Excel computer or server, created or modified since January 1, 2019, that includes in the file name or file any of the following combinations of key words:
(Smith w/5 Arnold) or APP-02980* or ▮▮▮▮▮▮▮@gmail.com and any of the following terms:

• Savannah Heights or

• NCORR or

• ReBuild NC or

• Rebuild or

• Disaster Relief or

• Belcourt or

• Barnett or

• Aaron or

• Obule or

• Baraza or

• Banfield or

• Russo or

• Hogshead or

• Walsh or

• Holley or

• AECOM or

• Humbert or

• Jackson or

• Gilliland or

• Dean or

5

- Morris or

- Sprayberry or

- Sutton or

- Gentry or

- Legate or

- ADA or

- UFAS or

- *@rebuild.nc.gov or

- *@aecom.com.

**RESPONSE: OBJECTION. Excel objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor proportional to the needs of the case, as required by Federal Rule of Civil Procedure 26(b)(1). Specifically, this Request asks Excel to produce: a) "any electronic file stored on any Excel computer or server" and without limit as to custodians; b) "since January 1, 2019" with no end date; c) containing (Smith w/5 Arnold) or APP-02980\* or ▇▇▇▇▇▇▇gmail.com and a list of 29 words and phrases, which search imposes upon Excel an undue burden and cost. Additionally, this Request is not limited to Plaintiff's claims that the home provided at Plaintiff's Residence is not accessible and/or alleged requests for reasonable accommodation were not granted, or Excel's defenses, including without limit Plaintiff's October 18, 2021, Acceptance of Work at Plaintiff's Residence and Excel's January 5, 2023, completion of work requests relating to accessibility requirements specified in the April 8, 2020, Work Order APP-02980 for Plaintiff's Residence. Any information outside the time and scope of these allegations is overbroad and seeks information that is irrelevant and disproportionate to this action under Fed. R. Civ. P. 26(b)(1).**

**Excel further objects to this Request on the ground that it seeks disclosure of confidential communications between attorney and client and/or confidential materials prepared by or for counsel in anticipation of litigation, on the basis that such information is protected from disclosure by the attorney-client privilege and/or the work product doctrine, or other cognizable privilege. Specifically, this Request, as phrased, would require Excel to produce "any electronic file stored on an Excel computer or server" that discusses Plaintiff, which includes communications between an attorney and its client and/or materials prepared by counsel or at the direction of counsel in anticipation of litigation, both of which are protected under Fed. R. Civ. P. 26(b)(1). To the extent that documents are withheld exclusively on the basis of attorney-client privilege and/or work product doctrine, such documents will be included on a privilege log for review of counsel for Plaintiff.**

**Without waiver and subject to the above objections, in response to this Request, Excel states: see Excel's Objections and Response to Plaintiff's Request Number 1.**

**Except as provided above, Excel objects to producing or searching for additional documents responsive to this Request based upon the above-stated objections.**

4.  If not produced in response to request 1, then please produce a complete copy of any document, created or modified since January 1, 2019, that regards, concerns or discusses the dwelling at 1574 Savannah Heights Dr., Kinston, North Carolina.

**RESPONSE: OBJECTION. Excel objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor proportional to the needs of the case, as required by Federal Rule of Civil Procedure 26(b)(1). Specifically, this Request asks Excel to produce: a) "any document" and without limit as to custodians; b) "created or modified since January 1, 2019" with no end date; c) regarding Plaintiff's Residence. As such, this Request is not limited to Plaintiff's claims that the home provided at Plaintiff's Residence is not accessible and/or alleged requests for reasonable accommodation were not granted, or Excel's defenses, including without limit Plaintiff's October 18, 2021, Acceptance of Work at Plaintiff's Residence and Excel's January 5, 2023, completion of work requests relating to accessibility requirements specified in the April 8, 2020, Work Order APP-02980 for Plaintiff's Residence. Any information outside the time and scope of these allegations is overbroad and seeks information that is irrelevant and disproportionate to this action under Fed. R. Civ. P. 26(b)(1).**

**Excel further objects to this Request on the ground that it seeks disclosure of confidential communications between attorney and client and/or confidential materials prepared by or for counsel in anticipation of litigation, on the basis that such information is protected from disclosure by the attorney-client privilege and/or the work product doctrine, or other cognizable privilege. Specifically this Request, as phrased, would require Excel to produce "any document" that discusses Plaintiff's Residence, which includes communications between an attorney and its client and/or materials prepared by counsel or at the direction of counsel in anticipation of litigation, both of which are protected under Fed. R. Civ. P. 26(b)(1). To the extent that documents are withheld exclusively on the basis of attorney-client privilege and/or work product doctrine, such documents will be included on a privilege log for review of counsel for Plaintiff.**

**Without waiver and subject to the above objections, in response to this Request, Excel states: see Excel's Objections and Response to Plaintiff's Request Number 1.**

**Except as provided above, Excel objects to producing or searching for additional documents responsive to this Request based upon the above-stated objections.**

5. If not produced in response to request 1, then please produce a complete copy of any document that regards, concerns or discusses construction or contractor services provided by Excel to Mr. Smith.

**RESPONSE: OBJECTION. Excel objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor proportional to the needs of the case, as required by Federal Rule of Civil Procedure 26(b)(1). Specifically, this Request asks Excel to produce "any document that regards, concerns or discusses construction or contractor services provided by Excel to Mr. Smith," and without limit as to custodians or date. As such, this Request is not limited to Plaintiff's claims that the home provided at Plaintiff's Residence is not accessible and/or alleged requests for reasonable accommodation were not granted, or Excel's defenses, including without limit Plaintiff's October 18, 2021, Acceptance of Work at Plaintiff's Residence and Excel's January 5, 2023, completion of work requests relating to accessibility requirements specified in the April 8, 2020, Work Order APP-02980 for Plaintiff's Residence. Any information outside the time and scope of these allegations is overbroad and seeks information that is irrelevant and disproportionate to this action under Fed. R. Civ. P. 26(b)(1).**

**Excel further objects to this Request on the ground that it seeks disclosure of confidential communications between attorney and client and/or confidential materials prepared by or for counsel in anticipation of litigation, on the basis that such information is protected from disclosure by the attorney-client privilege and/or the work product doctrine, or other cognizable privilege. Specifically this Request, as phrased, would require Excel to produce "any document that regards, concerns or discusses construction or contractor services provided by Excel to Mr. Smith," which includes communications between an attorney and its client and/or materials prepared by counsel or at the direction of counsel in anticipation of litigation, both of which are protected under Fed. R. Civ. P. 26(b)(1). To the extent that documents are withheld exclusively on the basis of attorney-client privilege and/or work product doctrine, such documents will be included on a privilege log for review of counsel for Plaintiff.**

**Without waiver and subject to the above objections, in response to this Request, Excel states: see Excel's Objections and Response to Plaintiff's Request Number 1.**

**Except as provided above, Excel objects to producing or searching for additional documents responsive to this Request based upon the above-stated objections.**

**Defenses**

6. Please produce each document that reflects material facts that support each defense – legal, factual, affirmative, or evidentiary – that Excel intends to raise in this action.

**RESPONSE: OBJECTION. Excel objects to this Request on the ground that it seeks disclosure of confidential communications between attorney and client and/or confidential materials prepared by or for counsel in anticipation of litigation, on the basis that such information is protected from disclosure by the attorney-client privilege and/or the work**

8

product doctrine, or other cognizable privilege. Specifically this Request, as phrased, would require Excel to produce "each document that reflects material facts that support each defense . . . that Excel intends to raise in this action," which includes communications between an attorney and its client and/or materials prepared by counsel or at the direction of counsel in anticipation of litigation, both of which are protected under Fed. R. Civ. P. 26(b)(1). To the extent that documents are withheld exclusively on the basis of attorney-client privilege and/or work product doctrine, such documents will be included on a privilege log for review of counsel for Plaintiff.

Without waiver and subject to the above objections, in response to this Request, Excel has not completed its determination of which documents it intends to offer into evidence or rely on during the trial of this matter and will serve its Exhibit List pursuant to Section 4(h) of the Report of the Parties' Planning Meeting, the Court's Scheduling Order and the Federal Rules of Civil Procedure. Answering further, see Excel's Objections and Response to Plaintiff's Request Number 1. Discovery is ongoing and Excel reserves the right to supplement this Response in accordance with Rule 26(e).

**Impeachment**

7. Please produce each document that any defendant may offer to impeach the testimony of Mr. Smith, including but not limited to Smith's prior inconsistent statements, bias, or character for truthfulness.

**RESPONSE:** Discovery in this matter is ongoing, and Excel has yet to determine what Plaintiff is expected to testify to or what evidence Excel intends to offer to impeach Plaintiff. Additionally, Excel has not completed its determination of which documents it intends to offer into evidence or rely on during the trial of this matter and will serve its Exhibit List pursuant to Section 4(h) of the Report of the Parties' Planning Meeting, the Court's Scheduling Order and the Federal Rules of Civil Procedure. Answering further, see Excel's Objections and Response to Plaintiff's Request Number 1. Discovery is ongoing and Excel reserves the right to supplement this Response in accordance with Rule 26(e).

Respectfully submitted this the 30th day of September, 2025.

> **JACKSON LEWIS P.C.**
> /s/ *Jason V. Federmack*
> JASON V. FEDERMACK
> N.C. State Bar No. 46014
> DANIELLE BLAND
> N.C. State Bar No. 60022
> 3737 Glenwood Avenue, Suite 450
> Raleigh, NC 27612
> Telephone: (919) 760-6460
> Facsimile: (919) 760-6461
> Email: jason.federmack@jacksonlewis.com

Email: dani.bland@jacksonlewis.com
*Counsel for Defendant Excel Contractors, LLC*

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO.: 4:25-cv-59-BO-RJ

| | |
|---|---|
| ARNOLD JEROME SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF NORTH CAROLINA, N.C. OFFICE OF RECOVERY AND RESILIENCY AND EXCEL CONTRACTORS. L.L.C.,<br><br>Defendants. | **CERTIFICATE OF SERVICE** |

The undersigned certifies that on September 30, 2025, a copy of the foregoing *Defendant Excel Contractors, L.L.C.'s Objections and Responses to Plaintiff's First Request for Production* was served on counsel for the parties via email, as follows:

Ashley Denise Skaff
Legal Aid of North Carolina, Inc.
Fair Housing
201 Angier Ave., Ste. 300
Durham, NC 27703
AshleyS@legalaidnc.org
*Counsel for Plaintiff*

Manuel Davis
Assistant Attorney General
N.C. Department of Justice
Public Safety Section
P.O. Box 629
Raleigh, NC 27602-0629
mdavis@ncdoj.gov
*Counsel for Defendants NCORR and the State of North Carolina*

11

**JACKSON LEWIS P.C**.

BY: /s/ *Jason V. Federmack*
     JASON V. FEDERMACK
     N.C. State Bar No. 46014
     DANIELLE BLAND
     N.C. State Bar No. 60022
     3737 Glenwood Avenue, Suite 450
     Raleigh, NC 27612
     Telephone: (919) 760-6460
     Facsimile: (919) 760-6461
     Email: Jason.federmack@jacksonlewis.com
     *Attorney for Defendant Excel Contractors, LLC*

4906-3434-0201, v. 2