IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:25-CV-59

| | | |
|---|---|---|
| ARNOLD JEROME SMITH<br><br>*Plaintiff*,<br><br>v.<br><br>STATE OF NORTH CAROLINA, NORTH CAROLINA OFFICE OF RECOVERY AND RESILIENCY AND EXCEL CONTRACTORS, L.L.C.<br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **PLAINTIFF'S LOCAL CIVIL RULE 56.1 STATEMENT OF MATERIAL FACTS** |

Plaintiff, Arnold Jerome Smith, by and through undersigned Counsel, pursuant to Rule 56.1 of the Local Civil Rules, files this Statement of Material Facts in support of his Motion for Partial Summary Judgment, as follows:

1. Mr. Arnold Smith is an African American man whose left leg is amputated at the knee. (Am. Ans. ECF 040 & 041 ¶ 4)
2. At all times relevant to this matter, Mr. Smith uses a wheelchair. (*Id* ¶ 30)
3. Mr. Smith's wheelchair is a standard-sized wheelchair, measuring twenty-three (23) inches wide and thirty-two (32) inches deep. (Pl. Expert Dep. 65:12-23, Pl. Aff. ¶ 3)
4. Mr. Smith lives at 1574 Savannah Heights Dr. Kinston, NC 28501 (Lenoir County), as he has for over 20 years. (Am. Ans. ECF 040 & 041 ¶ 5)
5. Mr. Smith's prior home was accessible to his needs, with an accessible ramp, and adequate floor space to fit his wheelchair. (Pl. Dep. 130:5-25; 131:1-17; 132:8-34, Pl. Aff. ¶ 5)

6. In 2016 and again in 2018, Hurricanes Matthew and Florence severely damaged Mr. Smith's prior home, a manufactured housing unit. (Pl. Dep. 33:7-16, Pl. Aff. ¶ 6)
7. Mr. Smith was qualified to receive housing assistance through the CDBG-DR Homeowner Recovery Program. (Am. Answers ECF 040 & 041 ¶ 44)
8. Defendants State of North Carolina and the North Carolina Office of Recovery and Resiliency ("NCORR") are recipients of HUD financial assistance through the "CDBG-DR Homeowner Recovery Program. (State of NC and NCORR Am. Ans. ECF 041 ¶ 21)
9. Defendant NCORR is an agency of Defendant State of North Carolina. (State of NC and NCORR Am. Answer ECF 041 ¶ 9)
10. Defendant NCORR was delegated authority by Defendant State of North Carolina to administer and oversee financial assistance received from the United States Department of Housing and Urban Development ("HUD"). (*Id* ¶ 10)
11. With these funds, NCORR operates the ReBuild NC program, pursuant to an agreement between HUD and Defendants NCORR and the State of North Carolina, to provide, among other recovery assistance, rehabilitation, reconstruction, and replacement of homes in the wake of Hurricanes Matthew and Florence. (*Id* ¶ 10)
12. HUD issued notices, published in the Federal Register and found in the chart attached, that governed the administration of the CDBG-DR Homeowner Recovery Program. (NCORR response to Interrog. No. 7)
13. The "CDBG-DR Administrative Guide," attached, is authentic. (NCORR Am. Admis. No. 1)
14. The "April 9, 2019, CDBG-DR Single-Family Housing Recovery Program Manual V. 4.0," attached, was the program manual in use at the time of Mr. Smith's participation in the

CDBG-DR Homeowner Recovery Program and was authenticated during Defendant NCORR's deposition. (NCORR Dep. 30:24-25; 31:2-3; 46:22-25; NCORR Dep. Doc. No. 1)

15. The "ReBUILD NC CDBG-DR Construction Management Standard Operating Procedures" Version 8, January 23, 2020, was in use at the time of Mr. Smith's participation in the CDBG-DR Homeowner Recovery Program and was authenticated during Defendant NCORR's deposition. (NCORR Dep. 48:8; 46:22-25; NCORR Dep. Doc. No. 1)
16. The collective record referred to as "APP-02980 Case Management Notes," attached, is authentic. (NCORR Am. Admis. No. 5)
17. The collective record referred to as "APP-02980 Salesforce File" is authentic. (NCORR Am. Admis. No. 6)
18. The "Manufactured Home Replacement Form," attached, is authentic. (NCORR Am. Admis. No. 3; Excel Admis. No. 11)
19. During his participation in the CDBG-DR Homeowner Recovery Program, Mr. Smith met with Defendants in-person multiple times. (Pl. Dep. 26:4-12; 56:17-20, Pl. Aff. ¶ 7)
20. On June 13, 2019, Mr. Smith answered affirmatively to the question "Do you or a household member require modifications to the home to make it accessible due to a disability?" on the Manufactured Home Replacement Form. (Am. Ans. ECF 040 & 041 ¶ 41)
21. On this same form, Mr. Smith requested a reasonable accommodation or modification by specifying the following needs: ramp entrance, grab bars, bathroom accessibility, full bathroom accessibility, full kitchen accessibility. (NCORR Am. Ans. ECF 041 ¶ 42)

22. On or around March 3, 2020, Defendant Excel bid on a contract with Defendants State of North Carolina and NCORR for the construction of Mr. Smith's home. On page 11 of this contract, item 61 is the project for Mr. Smith's home and affirmatively stated that the home has an accessibility need. (Am. Ans. ECF 040 & 041 ¶ 48)
23. The "Request for Bid #: MHU-06" was authenticated in Defendant NCORR's deposition (NCORR Dep. 22:1-13)
24. This document became a contract between Defendants. (NCORR Dep. 30:17-24)
25. NCORR's request for bids identified the accessibility features that contractors were required to specify to their MHU suppliers if any of their awarded contracts required accessibility for the owner or a member of the owner's household. (NCORR Am. Admis. No. 16)
26. Defendant Excel is a limited liability company registered with the N.C. Secretary of State to conduct business in North Carolina; in possession of an unrestricted general contractor's license through the N.C. Licensing Board for General Contractors. (Excel Am. Answer ECF 040 ¶ 11)
27. The "REBUILD NORTH CAROLINA CDBG-DR HOMEOWNER RECOVERY PROGRAM HOMEOWNER-CONTRACTOR REPLACEMENT AND ELEVATION AGREEMENT," attached, is authentic. (NCORR Am. Admis. No. 4)
28. Mr. Smith paid $1,118.84 to Defendant NCORR for part of the replacement and elevation of the home. (Pl. Aff. ¶ 9; Appendix Exhibit No. 15)
29. Per the bid specifications, Defendant Excel chose the manufactured housing unit supplied to Mr. Smith. (NCORR Dep. 53:8-11)

30. Between May 13, 2021, and May 19, 2021, Mr. Smith corresponded with Defendant NCORR regarding the ramp, submitting a construction complaint on May 14, 2021, and adding to it on May 18, 2021. (NCORR Am. Ans. ECF 041 ¶ 55)

31. This correspondence included Mr. Smith explaining that his previous ramp was "built by ADA codes and standards through the program Independent Living. Which is [also] a state run program [...]" and sending a copy of the building plans for the previous accessible ramp. (NCORR Am. Ans. ECF 041 ¶ 55)

32. The "Applicant Acceptance of Work and Receipt of Warranty Notice," attached, is authentic. (Pl. Resp. To Def. Excel's 1st Req. For Admis. No. 2)

33. The "NC ReBuild Warranty/Complaint Form" for 1574 Savannah Heights Drive, Kinston, NC 28501, dated December 1, 2021, is authentic. (NCORR Am. Admis. No. 9)

34. The "NC ReBuild Warranty/Complaint Form" for 1574 Savannah Heights Drive, Kinston, NC 28501, dated April 21, 2022, is authentic. (NCORR Am. Admis. No. 10)

35. The "NC ReBuild Warranty/Complaint Form" for 1574 Savannah Heights Drive, Kinston, NC 28501, dated July 5, 2022, is authentic. (NCORR Am. Admis. No. 11)

36. Mr. Smith is unable to fully use and enjoy the home because it is not accessible to his needs. (Pl. Aff. ¶ 10)

37. Mr. Smith cannot use his wheelchair inside his home and has been forced to navigate around his home in a rolling desk chair for more than 4 years. (Pl. Dep. 18:1-5; Pl. Aff. ¶ 11)

38. Even with the makeshift use of the rolling desk chair, he cannot access half of his home. (Pl. Dep. 17:17-25; 18:1-5; 22:8-18, Pl. Aff. ¶ 12)

39. The floor of the home is unlevel and has divots, making the use of the rolling desk chair even more dangerous. (Pl. Dep. 21:11-25; 22:1-8 19-25; 23:1-25; 24:1-2, Pl. Aff. ¶ 13)

40. The bathrooms are too small for Mr. Smith's wheelchair. (Pl. Dep. 15:13-25; 16:1-25, Pl. Aff. ¶ 14)

41. The lack of adequate space in either bathroom prevents Mr. Smith from accessing the bathtub, and he has been forced to bathe using a rag in the sink for more than 4 years. (Pl. Dep. 15:13-25; 16:1-25, Pl. Aff. ¶ 15)

42. The lack of adequate space in the bathroom also prevents Mr. Smith safely accessing his toilet, forcing him to use a plastic urinal or seek physical assistance, foregoing any privacy. (Pl. Dep. 15:13-25; 16:1-25, Pl. Aff. ¶ 16)

43. On February 7, 2023, Mr. Smith, by and through counsel, submitted via electronic email and USPS to Defendants, a formal request for dispute resolution as set forth in clause 1.10(c) of the Rebuild North Carolina CDBG-DR Housing Recovery Program Homeowner-Contractor Reconstruction Agreement. (Am. Ans. ECF 040 & 041 ¶ 77)

44. On February 8, 2023, Matthew Arlyn, Chief Recovery Officer with Defendant NCORR, acknowledged receipt by electronic mail. (State of NC and NCORR Am. Ans. ECF 041 ¶ 78)

45. Thereafter, on March 16, 2023, Defendants conducted an on-site inspection of Mr. Smith's home. (Am. Ans. ECF 040 & 041 ¶ 79)

46. On March 23, 2023, Mr. Smith, by and through counsel, submitted a complaint, alleging disability discrimination, to the Department of Housing and Urban Development's Fair Housing and Equal Opportunity Office. (Am. Ans. ECF 040 & 041 ¶ 82)

47. Mr. Smith retained Hannah Peele Littrell and Richard Duncan of the RL Mace Universal Design Institute to evaluate the accessibility of his home. (Pl. Expert Rep. 1, Pl. Expert Dep. 30:9-25; 31:1-5)
48. Ms. Littrell holds a Master of Architecture degree from North Carolina State University and has 16 years of experience in design and construction. (Pl. Expert Disc. 25, Pl. Expert Dep. 13:1-17)
49. Mr. Duncan holds a Bachelor's degree from Tufts University, an Accessibility Certificate from the Adaptive Environmental Center in Boston, and has 40 years of experience in architecture, design, and construction. (Pl. Expert Disc. 18, Pl. Expert Dep. 12:7-23)
50. On June 11, 2024, RL Mace Universal Design Institute completed an in-person accessibility assessment on Mr. Smith's home. (Pl. Expert Rep. 1; Pl. Expert Dep. 32:24-15; 33:1-25; 34:1)
51. In forming their opinions, RL Mace Universal Design Institute measured the home and reviewed the 2010 ADA Standards for Design and Uniformed Federal Accessibility Standards. (Pl. Expert Rep. 1, Pl. Expert Dep. 31:2-15)
52. Based on their analysis, RL Mace Universal Design Institute concluded that, "[t]he conditions observed would prevent a person in a wheelchair from safely, effectively, and independently using this home." (Pl. Expert Report 12)
53. At their deposition, RL Mace Universal Design Institute confirmed that they prepared the expert report, that it accurately reflects their opinions, and that they would testify consistent with those opinions at trial. (Pl. Expert Dep. 10:6-12; 32:7-23; 65:24-25; 66:1-2; 69:19-25; 70:1-24)

54. RL Mace Universal Design Institute testified that their methodology is consistent with standards generally accepted in the field of accessible design and construction. (Pl. Expert Dep. 11:3-25; 12:1-3)
55. Defendants have not disclosed any expert witness to rebut RL Mace Universal Design Institute's opinions. (Sch. Order ECF 016)
56. On June 25, 2025, Mr. Smith, by and through counsel submitted a request for reconsideration of the May 21, 2025, "no-cause" determination to the Fair Housing and Equal Opportunity Office. This request is still pending. (Am. Ans. ECF 040 & 041 ¶ 85)
57. On April 1, 2025, Mr. Smith, by and through counsel, filed a Complaint in the United States District Court for the Easter District of North Carolina – Eastern Division. (Compl. ECF 003)
58. A Mediation Settlement Conference was held on April 21, 2026, and resulted in an impasse. (Report of Mediator 4/24/26)
59. Since the filing of the Complaint, Mr. Smith's home remains inaccessible to him. (Pl. Aff. ¶ 17)

The documents and things cited above are attached to this Statement as "Plaintiff's Appendix to Local Civil Rule 56.1 Statement of Material Facts."

Respectfully submitted this on the 14th day of September 2026.

By: /s/ Ashley Denise Skaff
Ashley Denise Skaff
Legal Aid of North Carolina, Inc. – Fair Housing
2101 Angier Ave. Ste. 300
Durham, NC 27703
(984) 297-2017
Fax: (919) 861-1887

State Bar No. 54295

/s/ Shrayan Shetty
Shrayan Shetty
NORTH CAROLINA JUSTICE CENTER
P.O. Box 28068
Raleigh, North Carolina 27611
Tel: (919) 856-2164
State Bar No. 59552
*Attorneys for Plaintiff*