UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:25-CV-59-BO-RJ

| | |
|---|---|
| **Arnold Jerome Smith**,<br><br>Plaintiff,<br><br>v.<br><br>**State of North Carolina**, *et al.*,<br><br>Defendants. | **Defendants State of North Carolina and NCORR's Statement of Material Facts Not in Dispute** |

Defendants State of North Carolina and North Carolina Office of Recovery and Resiliency provide this statement in accordance with Local Civil Rule 56.1.

1. After hurricane Matthew severely damaged his mobile home, Smith applied for the Program on July 9, 2018. Ex. 1 (Declaration of Amanda Stapleton) ¶ 5; Ex. 3 (Program Application) at 19.

2. Smith was accepted into the Program and completed the Manufactured Home Replacement Form on June 13, 2019. Ex. 5 (Manufactured Home Replacement Form) at 3.

3. Because Smith is an amputee, he checked several boxes on the form requesting that his replacement mobile home feature certain accessibility modifications: (1) a ramp entrance, (2) grab bars, (3) bathroom accessibility, (4) full bathroom accessibility, and (5) full kitchen accessibility. *Id.* at 2.

4. The form allowed Smith to provide any "other" requested modifications, but he did not provide anything further. *Id.*

5. Before construction began, the Program completed its eligibility and award processes and provided the homeowner with an award package and Homeowner Grant Agreement. Ex. 6 (Homeowner Grant Agreement) at 15.

6. This agreement did not contain specific accessibility requirements, nor a waiver provision for any immunities. *Id.*

7. NCORR contracted with AECOM to "manage all housing construction, replacement[,] and elevation work on behalf of NCORR." See Ex. 7 (Homeowner-Contractor Agreement) at 1. NCORR contracted with Excel as the general contractor to provide Smith with a replacement mobile home consistent with the Program's specifications. *Id.*

8. Excel and Smith entered into a Homeowner-Contractor Replacement and Elevation Agreement on April 8, 2020, which outlined the responsibilities of both parties. *Id.*

9. The agreement contained a nonwaiver provision stating "[n]othing in this Agreement may be construed as a waiver or limitation of sovereign immunity of the State or federal governments. The State is not legally responsible for the actions or omissions of any Contractor, subcontractor, third-party or their designees in the replacement and elevation of Owner's damaged property." *Id.* at 18.

10. Excel worked with Smith to provide floor plan options for his replacement mobile home that approximately matched the square footage of his prior mobile home. Ex. 8 (Initial Floor Plan Options) at 1.

11. Per Program guidelines, the replacement was intended to be a like-for-like replacement of the damaged home. Ex. 2 at 40.

12. Smith ultimately decided upon a floor plan option that combined two previously proposed options. Ex. 9 (Modified Floor Plan) at 1.

13. Excel delivered a replacement mobile home on October 18, 2021. Ex. 10 (Final Inspection) at 1.

14. The home featured the accessibility requests listed on the replacement form, including a ramp leading to the front door, *id.* at 4, grab bars in the bathroom, *id.* at 10, and a kitchen stove with front-facing knobs to allow for wheelchair access, *id.* at 8.

15. Though Excel intended to provide Smith with an accessible, roll-in shower, Smith specifically requested that Excel provide a bathtub in the same space instead. Ex. 14 (Modification Request Timeline) at 2; DE 55-10 at 47-49.

16. Smith also objected to modifications to the kitchen cabinet doors and the installation of carpet in certain rooms which would have allowed for better accessibility. *Id.* at 2-3; DE 55-10 at 50.

17. After a final inspection of the property, Smith signed the Program's "Applicant Acceptance of Work and Receipt of Warranty Notice" form on October 18, 2021, indicating that "[t]he construction provided pursuant to Construction Contract

including all approved Change Orders, hereafter called the Work has been completed in compliance with the provisions of the contract." Ex. 11 (Homeowner Acceptance of Work) at 2.

18. Later, Smith submitted several warranty claims with Excel and then submitted a Complaint to HUD on March 23, 2023, claiming that NCORR, Excel, and other contractors ("Respondents") violated HUD's rules prohibiting discrimination. Ex. 16 (HUD Decision) at 4.

19. Smith specifically alleged that Respondents had violated relevant provisions of the ADA and RHA. *Id.*

20. HUD issued its decision on May 21, 2025, concluding that Respondents had not violated the ADA or RHA. *Id.* at 7.

This 16th day of September 2026.

JEFF JACKSON
Attorney General

Emily Maloney
N.C. Bar No. 52820
Special Deputy Attorney General
N.C. Department of Justice
Public Safety Section
P.O. Box 629
Raleigh, NC 27602
Phone: 919-716-0026
Fax: 919-716-6761
emaloney@ncdoj.gov

/s/ *Tanner J. Ray*
Tanner J. Ray
N.C. Bar No. 59422
Assistant Attorney General
N.C. Department of Justice
Public Safety Section
P.O. Box 629
Raleigh, NC 27602
Phone: 919-716-6540
Fax: 919-716-6761
tjray@ncdoj.gov

## CERTIFICATE OF SERVICE

I certify that, on this day, I electronically filed this Statement of Material Facts Not in Dispute with the Clerk of the Court utilizing the CM/ECF system, which will provide service upon all other parties through the following counsel of record:

Ashley-Denise Skaff
AshleyS@LegalAidNC.org
Legal Aid of North Carolina, Inc.
201 Angier Ave., Ste. 300
Durham, NC 27703

Shrayan Shetty
Shray@NCJustice.org
North Carolina Justice Center
P.O. Box 28068
Raleigh, NC 27611

*Counsel for Plaintiff*

Jason V. Federmack
Jason.Federmack@JacksonLewis.com
Danielle Bland
Dani.Bland@JacksonLewis.com
Jackson Lewis P.C.
3737 Glenwood Avenue, Suite 450
Raleigh, NC 27612

*Counsel for Defendant Excel Contractors, L.L.C.*

This 16th day of September 2026.

/s/ *Tanner J. Ray*
Tanner J. Ray
Assistant Attorney General