IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:25-CV-59

| | | |
|---|---|---|
| ARNOLD JEROME SMITH<br><br>*Plaintiff*,<br><br>v.<br><br>STATE OF NORTH CAROLINA, NORTH CAROLINA OFFICE OF RECOVERY AND RESILIENCY AND EXCEL CONTRACTORS, L.L.C.<br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **PLAINTIFF'S REPLY TO DEFENDANTS STATE OF NORTH CAROLINA AND NCORR'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Pursuant to Local Civil Rule 7.1(g), Plaintiff Arnold J. Smith, by and through counsel, respectfully files this Reply to Defendants State of North Carolina and NCORR's Response in Opposition to Plaintiff's Rule 56 Motion for Partial Summary Judgment. (ECF 064-065).

Mr. Smith acknowledges that replies to responses are generally discouraged. However, because several of Defendants State of North Carolina and NCORR's responses to Plaintiff's Local Civil Rule 56.1 Statement of Material Facts do not comply with Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1, Mr. Smith respectfully files this Reply for the Court's consideration.

## STATEMENT OF THE CASE AND FACTS

Please see the Amended Complaint (ECF 039), Plaintiff's Memorandum in Support of his Rule 56 Motion for Partial Summary Judgment (ECF 049), and Plaintiff's Local Civil Rule 56.1 Statement of Material Facts (ECF 050) for a concise statement of the case and statement of the facts.

## ARGUMENT

**The Court should disregard those responses in opposition asserted without evidence.**

In their Response to Plaintiff's Statement of Undisputed Material Facts[1], Defendants State of North Carolina and NCORR (collectively "State Defendants") fail to support their opposition to paragraphs 14-15, 28-30, 43, & 51-55 with admissible evidence. Fed. R. Civ. P. 56 requires the moving party to show that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law. A non-moving or opposing party therefore "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, 106 S. Ct. 2505, 2514 (1986). A genuine issue of material fact does not materialize simply because an opposing party claims one exists. A mere disagreement with the movant's asserted facts is inadequate if made without reference to specific supporting material. *Edward E. Gillen Co. v. City of Lake Forest*, 3 F.3d 192, 196 (7th Cir. 1993). A responding party must identify specific evidence supporting a factual dispute; conclusory responses and unsupported assertions do not suffice. *Griggs-Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir. 1990). *See also Matsushita Electronic Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("an adverse party may not rest upon the mere allegations or denials of his pleading, but [...] must set forth specific facts showing that there is a genuine issue for trial."); *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) ("unsupported speculation is not sufficient to defeat a summary judgment motion."); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008) (a party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.").

---

[1] ECF 065.

Here, State Defendants fail to identify specific evidence that genuinely disputes Mr. Smith's material facts and associated evidence for paragraphs 14-15, 28-30, & 43. State Defendants' response to paragraphs 14 and 15 merely state that "several versions" of these manuals were in use during the times relevant to this matter but do not identify what manuals were in use nor do they dispute that the manuals produced and authenticated during Defendant NCORR's 30(b)(6) deposition were in use. State Defendants' response to paragraphs 28-30 cite evidence that does not actually dispute the fact asserted. When a responding party's statement fails to specifically controvert the facts as set forth in the moving party's statements, those material facts shall be deemed admitted for purposes of the motion. Local Civil Rule 56.1(a)(2). To the extent that State Defendants' responses to paragraphs 28 & 43 attempt any legal argument or conclusion, the Court should further disregard. Statements of disputed facts that make legal arguments, assert legal conclusions, or contain no factual assertion are not facts and should not be considered as such. *Phillips v. Quality Terminal Servs., LLC*, 855 F. Supp. 2d 764, 771 (N.D. Ill. 2012). *See also Johnson v. Guevara*, 2025 U.S. Dist. LEXIS 55033, *5 9N.D. Ill. 2025).

State Defendants also dispute the facts asserted in paragraphs 51-55. These paragraphs assert facts related to Mr. Smith's proffered expert witnesses and their preparation, methodology, and conclusions of accessibility assessment completed in his home. However, State Defendants merely state that Plaintiff's experts are not "qualified experts in a relevant field" and that "neither have submitted a legitimate expert report" but do not offer any evidence to support their dispute.

> "[W]hen a party opposing summary judgment fails to present evidence sufficient to make an issue of an expert's conclusion – such as contrary opinion evidence or evidence tending to undermine the expert's credibility of qualifications - and when 'the trier of fact would not be at liberty to disregard arbitrarily the unequivocal, uncontradicted, and unimpeached testimony of an expert testimony,' expert testimony may form the basis of summary judgment." *Brown v. County of Nassau*, 736 F. Supp. 2d 602, 621 (E.D.N.Y. 2010) (quoting *Webster v. Offshore Food Service, Inc.*, 434 F.2d 1191, 1193-94 (5th Cir. 1970).

*See also*, *Rivera v. Home Depot USA, Inc.*, 776 Fed. App'x 4, 7-8 (2d Cir. 2019) (affirming summary judgment because the non-moving party failed to provide evidence that the moving party's expert report was inadequate, other than its own conclusory statement that there was 'insufficient medical evidence in the record to support' it).

Therefore, State Defendants' attempts to dispute these facts should be rejected and the facts asserted in paragraphs 14-15, 28-30, 43, & 51-55 of Plaintiff's Local Civil Rule 56.1 Statement of Material Facts should be considered undisputed and admitted pursuant to Fed. R. Civ. P. 56 and Local Civil Rule 56.1(a)(2).

## **CONCLUSION**

For the reasons contained herein, the facts asserted in paragraphs 14-15, 28-30, 43, & 51-55 of Plaintiff's Local Civil Rule 56.1 Statement of Material Facts should be considered undisputed and admitted for the purposes of Plaintiff's Rule 56 Motion for Partial Summary Judgment. Fed. R. Civ. P. 56; Local Civil Rule 56.1(a)(2). For the reasons cited in the Memorandum in Support of Plaintiff's Rule 56 Motion for Partial Summary Judgment and all supporting evidence, including this Reply, the Court should GRANT Plaintiff's Rule 56 Motion for Partial Summary Judgment.

Respectfully submitted this the 2nd day of November 2026

By: /s/ *Ashley Denise Skaff*

Ashley Denise Skaff
Legal Aid of North Carolina, Inc. – Fair Housing
2101 Angier Ave. Ste. 300
Durham, NC 27703
(984) 297-2017
Fax: (919) 861-1887
State Bar No. 54295

/s/ *Shrayan Shetty*
Shrayan Shetty
NORTH CAROLINA JUSTICE CENTER
P.O. Box 28068
Raleigh, North Carolina 27611
Tel: (919) 856-2164
State Bar No. 59552
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

On November 2, 2026, we served via electronic mail a copy of – **PLAINTIFF'S REPLY TO DEFENDANTS STATE OF NORTH CAROLINA AND NCORR'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** – upon the following counsel of record:

Tanner J. Ray, Assistant Attorney General
Emily Maloney, Special Deputy Attorney General
N.C. Department of Justice
Public Safety Section
Tjray@ncdoj.gov
Emaloney@ncdoj.gov
*Attorneys for Defendants, State of North Carolina and North Carolina Office of Recovery and Resiliency*

Jason V. Federmack
Danielle Bland
Jackson Lewis P.C.
Jason.federmack@jacksonlewis.com
Dani.bland@jacksonlewis.com
*Attorneys for Defendant Excel Contractors, L.L.C.*

* * * *

Date: November 2, 2026

_/s/ *Ashley Denise Skaff*__
Ashley Denise Skaff
Legal Aid of North Carolina, Inc. - Fair Housing
2101 Angier Ave. Ste. 300
Durham, NC 27703
(984) 297-2017
Fax: (919) 861-1887
AshleyS@legalaidnc.org
State Bar No. 54295

/s/ *Shrayan Shetty*___
Shrayan Shetty
North Carolina Justice Center
P.O. Box 28068
Raleigh, NC 27611
(919) 856-2164
Shray@ncjustice.org
State Bar No. 59552
*Attorneys for the Plaintiff*